Case 4:20-cv-02306   Document 71   Filed on 12/10/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 11, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROCKIES EXPRESS PIPELINE LLC, §
§
   Appellant, §
VS. § CIVIL ACTION NO. 4:20-CV-2306
§
ULTRA RESOURCES, INC., §
§
   Appellee. §

## MEMORANDUM OPINION AND ORDER

**I.**

Before the Court is the appellee's, Ultra Resources, Inc. ("Ultra") Motion for Certification of Direct Appeal (Dkt. No. 47), the appellant's, Rockies Express Pipeline LLC ("REX") response, (Dkt. No. 48), and Ultra's reply (Dkt. No. 51). After having carefully considered the motion, response, reply and applicable law, the Court determines that Ultra's motion should be GRANTED.

**II.**

The facts of this case are set forth in the bankruptcy court's August 21, 2020 "Memorandum Opinion." Neither party has objected to the facts as set out by the bankruptcy court, therefore, this Court adopts those facts as the factual background for this Order. In its Memorandum Opinion, the bankruptcy court concluded that Ultra could reject an executory contract it had entered into with REX. REX has appealed that decision and that appeal is before this Court. Ultra requests that this Court certify the pending appeal [*In Re Ultra Petroleum Corp.*, No. 20-cv-3043], for direct review by the Court of Appeals for the Fifth Circuit.

The basis for Ultra's request as stated is that certification "may materially advance the progress of the case" and the appeal "involves a matter of public importance." 28 U.S.C. §

158(d)(2)(A)(i), (iii). Ultra also informed the Court that the Fifth Circuit has granted the joint petition for direct appeal in the Federal Energy Regulatory Commission's ("FERC") companion appeal from the bankruptcy court's order confirming Ultra's plan of reorganization (docketed in this Court as No. 20-cv-3096). Ultra believes that the Fifth Circuit's decision to grant direct review in that related appeal strongly supports its pending motion for certification.

### III.

Title 28 U.S.C. § 158(d)(2) provides for granting a party's request for a direct appeal from the United States Bankruptcy Court directly to the United States Court of Appeals if the district court certifies any one of the following: (1) the appeal involves a question of law for which there is no controlling decision from this Circuit or that involves a matter of public importance; (2) the appeal involves a question of law requiring the resolution of conflicting decisions; or (3) an immediate appeal may materially advance the progress of the underlying bankruptcy proceeding.

### IV.

Because Ultra has established that one or more of the circumstances set forth in 28 U.S.C. § 158(d)(2)(A) is present, its motion should be granted. Ultra asserts that certification for direct appeal to the Fifth Circuit is appropriate because immediate review of this appeal may materially advance the progress of the case. It contends that a direct appeal will resolve one of the remaining issues left outstanding in its bankruptcy case, moving it nearer to the closure the case. It argues that forcing the parties to litigate the appeal before this Court would, therefore, impose an unnecessary burden on the parties and this Court.

REX argues that granting the direct appeal will not materially advance the progress of the case. It argues that the case will be lengthened if the Court grants the request because the Fifth Circuit will still be required to review and accept the case before moving forward on the appeal.

It further contends that certification here will invite immediate appeal in every case, transforming direct appeals to the Circuit courts from the rare exception to the rule.

Ultra further contends that certification is proper because this appeal presents "a matter of public importance." It maintains that the same issue presented in this appeal—regarding how a bankruptcy court should proceed when a debtor in bankruptcy seeks to reject a filed-rate contract—is currently being litigated in numerous proceedings, both in the federal courts and before FERC. REX disagrees arguing that the order being appealed does not involve an issue of public importance justifying direct review. It maintains that its appeal simply alleges that the bankruptcy court misapplied the Fifth Circuit's direction in *In* re *Mirant Corp.,* 378 F.3d 511 (5th Cir. 2004). REX explains that *Mirant* instructs bankruptcy courts to secure appropriate guidance from FERC regarding the "public interest" standard under the Natural Gas Act.

The Court is of the opinion that this issue may indeed transcend the dispute between Ultra and REX currently before this Court, and therefore, is of public importance. The Court has permitted FERC to file an amicus brief in the appeal. As well the Fifth Circuit has granted the joint petition for direct appeal in a companion case. *See* [Cause No. 20-cv-3096]. Accordingly, the Court determines that Ultra has provided sufficient reason to certify the direct appeal, therefore, the motion should be and is Hereby GRANTED.

It is so ORDERED.

SIGNED on this 10th day of December, 2020.

Kenneth M. Hoyt
United States District Judge